## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CECILLE MARTINEZ-WECHSLER,

      Plaintiff,

v.                                      CIV 12-0738 KBM/ACT

SAFECO INSURANCE COMPANY OF AMERICA,
a Washington corporation, and,
ROBERT C. CEPELAK, individually,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Plaintiff Cecille Martinez-Wechsler's Motion to Remand *(Doc. 13)*, filed July 23, 2012 and fully briefed on August 20, 2012 *(Doc. 20)*. Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *(Docs. 5, 7, 8.)* Having reviewed the parties' submissions and the relevant law, I find Plaintiff's Motion should be denied.

**I.**     **Background**

This litigation arises out of a car accident wherein Plaintiff was rear-ended by Defendant Robert C. Cepelak, who was trying to locate a business and was not paying careful attention to the vehicles ahead of him. *See Doc. 13* at 2. There is no dispute that the car accident was entirely the fault of Mr. Cepelak. *See id.* The date of the parties' car accident was April 27, 2009. *See Doc. 3* at 19.

Before landing in federal court, the parties successfully negotiated a settlement of Plaintiff's claims for $45,100.00. *See Doc. 13* at 2. The date of the parties' agreement to settle the case was March 8, 2012. *See Doc. 3* at 19. Plaintiff objected to certain terms in the release

prepared by Defendants' counsel, however, and, on April 13, 2012, Plaintiff filed a lawsuit in New Mexico's First Judicial District Court.  *See Doc. 13* at 2-3; *Doc. 3* at 3.  In her Complaint, Plaintiff alleged, "The federal courts do not have jurisdiction over this matter under 28 U.S.C.S. § 1332(a) (2011) because the amount in controversy is less than $75,000."  *Id.* at 4.

On April 26, 2012, Defendants filed a Motion to Enforce Settlement Agreement in New Mexico's First Judicial District Court.  *See Doc. 3* at 19-49.  On May 24, 2012, Defendants answered Plaintiff's Complaint, alleging as follows regarding the amount-in-controversy:

> In response to the allegations in Paragraph 10 of Plaintiff's Complaint, Safeco admits that Plaintiff's Complaint alleges that the amount in controversy is less than $75,000.  Safeco affirmatively states that Plaintiff has previously claimed more than $75,000 and Plaintiff has not stipulated that she will not allow judgment to be entered against all Defendants in the amount equal to or greater than $75,000 and, therefore, Safeco denies the allegations in Paragraph 10 of Plaintiff's Complaint to the extent they are inconsistent with and/or exceed the foregoing.

*Doc. 3* at 66.

On June 19, 2012, Plaintiff served an Offer of Settlement pursuant to Rule 1-068 NMRA 2012, offering to settle all claims against Defendants in exchange for the amount of $65,000.00. *See Doc. 1-1* at 1 & 3.  The offer was made "with the condition that each party bear its own costs, fees and expenses."  *Id.* at 1.  Pursuant to the terms of Rule 1-068, Plaintiff also maintained that it would be "entitled to recover from Defendant[s] double her costs in the case from the date of this offer through trial" in the event that Defendants rejected the offer and Plaintiff went on to obtain more in damages from a jury.  *See id.*

On June 26, 2012, Plaintiff filed a Notice of Withdrawal of Offer of Settlement.  *See Doc. 3* at 119.  Subsequent to both service and withdrawal of the Offer of Settlement, on July 9, 2012,

Defendants removed the matter to this Court.  *See Doc. 1*.  Defendants argue that federal subject matter jurisdiction exists because Plaintiff's Rule 1-068 offer establishes that there is more than $75,000 in controversy.  *See generally Doc. 16*.  Although the offer itself was only $65,000, Defendants have provided an affidavit from their former counsel asserting that once treble damages and attorneys' fees are included, damages will exceed $75,000 "to a legal certainty." *See Doc. 1-2* at 2.

## II.     Legal Standard

Procedurally, a party seeking to remove a case to federal court must file a notice of removal, "containing a short and plain statement of the grounds for removal."  *See* 28 U.S.C. § 1446(a).  Removal must occur within 30 days of the party's receipt of a pleading or other paper indicating that the requirements for federal jurisdiction have been met.  *See* 28 U.S.C. § 1446(b). "Under § 1446(b), the removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'"  *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)).  The Tenth Circuit "requires clear and unequivocal notice" that the requirements for federal jurisdiction have been met in order to trigger the 30-day period.  *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (disagreeing with "cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist" (emphasis in original)).

"Subject matter jurisdiction under 28 U.S.C. § 1332(a) requires, in addition to diversity of citizenship, an amount in controversy in excess of '$75,000, exclusive of interest and costs.'"

*McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008) (quoting 28 U.S.C. § 1332(a)).  The amount in controversy "is not 'the amount the plaintiff will recover,' but rather 'an estimate of the amount that will be put at issue in the course of the litigation.'"  *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quoting *McPhail*, 529 F.3d at 956)).

"Punitive damages may be considered in determining the requisite jurisdictional amount."  *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003).  "The defendant does not have to prove that the plaintiff is more likely than not to ultimately recover punitive damages, but merely that: (1) state law permits a punitive damages award for the claims in question; and (2) the total award, including compensatory and punitive damages, could exceed [the jurisdictional minimum]."  *Frederick*, 683 F.3d at 1248 (concerning the Class Action Fairness Act ("CAFA"), which provides a jurisdictional minimum of $5,000,000).  When considering the availability of punitive damages for purposes of calculating the amount in controversy, however, courts should take care not to "improperly look beyond jurisdictional matters and consider the merits of the claims."  *Id.* at 1248 n. 4 (citing *Smithers v. Smith*, 204 U.S. 632, 645 (1907) and *Schunk v. Moline, Milburn & Stoddard Co.*, 147 U.S. 500, 505 (1893)).

Attorney fees, where specifically permitted by statute, may also be considered as part of the amount-in-controversy for purposes of federal diversity jurisdiction.  *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Humphreys v. Fuselier*, 1997 WL 579185, *2, n.3 (10th Cir. Sept. 18, 1997).

Where the plaintiff institutes the lawsuit in state court and claims at least the jurisdictional minimum of $75,000, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). In fact, if he or she wishes to be in federal court "all the plaintiff needs to do is allege an amount in excess of $75,000 and he will get his way, unless the defendant is able to prove 'to a legal certainty' that the plaintiff's claim cannot recover the alleged amount." *McPhail*, 529 F.3d at 953.

In cases where no specific amount of damages in alleged, the Tenth Circuit has held that "[removing] defendants bear the burden of establishing that the requirements for the exercise of diversity jurisdiction are present." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). *See also McPhail*, 529 F.3d at 953 (noting that the applicable situation is one in which "a removing defendant claim[s] diversity jurisdiction in the face of a silent complaint"). The applicable standard is a preponderance of the evidence. *McPhail*, 529 F.3d at 953 (holding that defendants must "prove facts in support of the amount in controversy by a preponderance of the evidence") (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). As far as what evidence may suffice, the Tenth Circuit has

> suggested several ways in which this may be done—by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant).

*McPhail*, 529 F.3d at 954 (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)).

Until recently, the Tenth Circuit had not addressed the burden faced by a defendant seeking to remove a case where the plaintiff has alleged an amount less than the jurisdictional minimum.  In late June 2012, however, the Tenth Circuit held under the Class Action Fairness Act ("CAFA"), that even where the plaintiffs' complaint specifically requested less than the jurisdictional minimum, removal may be proper.  *See generally Frederick*, 683 F.3d 1242.  In *Frederick*, the Tenth Circuit reversed the Colorado District Court for relying wholly on the plaintiff's complaint, which requested less than the jurisdictional amount, holding

> This was erroneous for two reasons.  First, [the district court] did not consider the defendant's notice of removal or the evidence submitted supporting jurisdiction.  As explained above, courts must evaluate this information and explain whether such evidence is sufficient to establish the operative jurisdictional facts by a preponderance of evidence.  Second, it treated the plaintiff's pleadings as dispositive.  A court may not forgo an analysis of a defendant's claims regarding the amount in controversy merely because a plaintiff pleads that he is seeking less than the jurisdictional minimum.

*Id.* at 1248.

The Tenth Circuit noted in *Frederick* that the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA") may affect its ruling as to diversity (i.e., non-CAFA) removals.  *See Frederick*, 683 F.3d at 1246, n.2.  *See also Doc. 13* at 4 (arguing that JVCA provides that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").  Upon examination of the current version of the removal statute, *see* 28 U.S.C. § 1446, I find that *Frederick* is entirely consistent with its provisions.  While Plaintiff has

6

correctly quoted § 1446(c)(2) in part, *see Doc. 13* at 4, the current version of the removal statute

provides exceptions to the presumption in favor of the damages pled in the complaint, including

an exception for cases like this one, in which "removal of the action is proper on the basis of an

amount in controversy . . . [where] the district court finds, by the preponderance of the evidence,

that the amount in controversy exceeds the amount specified in section 1332(a)."  The relevant

statute reads, in its entirety,

> If removal of a civil action is sought on the basis of the jurisdiction
> conferred by section 1332(a), the sum demanded in good faith in
> the initial pleading shall be deemed to be the amount in
> controversy, except that—
> . . . (B)  removal of the action is proper on the basis of an amount
> in controversy asserted under subparagraph (a) if the district court
> finds, by the preponderance of the evidence, that the amount in
> controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

I therefore find, pursuant to the current version of 28 U.S.C. § 1446 and recent removal

precedent from the Tenth Circuit, that I am obligated to consider whether Defendants have

demonstrated by a preponderance of evidence that the amount in controversy exceeds $75,000,

despite Plaintiff's assertion to the contrary in her Complaint.

## III.    Analysis

### A.    The Preponderance of the Evidence Shows An Amount In Controversy of At Least $75,000.

Plaintiff's Complaint in the present case purports to clearly and unequivocally establish

that federal diversity jurisdiction does not exist, asserting that, "[t]he federal courts do not have

jurisdiction over this matter under 28 U.S.C.S. § 1332(a) (2011) because the amount in

controversy is less than $75,000."  *See Doc. 3* at 4, ¶ 10.  Other than disclaiming federal

7

jurisdiction, Plaintiff's Complaint does not mention a dollar amount or otherwise estimate damages. *See generally Doc. 3* at 3-14. The Complaint alleges six counts: negligence *per se*, negligence, violations of the New Mexico Unfair Practices Act ("UPA") and the New Mexico Unfair Insurance Practices Act ("UIPA"), rescission of contract, breach of the covenant of good faith and fair dealing, and breach of contract. *See id.* Requested damages include, in addition to compensatory damages, "punitive or treble damages, costs, pre-judgment and post-judgment interest, attorneys' fees, expenses and costs of suit, and such other relief as the Court deems just and proper." *Id.* at 13.

Beyond the Complaint, I understand that Plaintiff was prepared to accept $45,100 in full settlement of her claims related to the underlying car accident. *See Doc 1* at 2, ¶ 3. Because Plaintiff's Complaint contains additional claims relating to the parties' failed settlement negotiations (i.e., unfair trade practices, unfair insurance practices, and contractual causes of action), it is not unreasonable to think that Plaintiff might be seeking more than the $45,100 she was originally willing to accept. Indeed, just over two months after the Complaint was filed, Plaintiff confirmed that she felt her case was worth more than $45,100 when she served Defendants with an Offer of Settlement pursuant to Rule 1-068 NMRA 2012, seeking $65,000 "in compensatory damages" to settle the case. *See Doc. 1-1.*

Rule 1-068 is designed to provide incentive to parties to settle claims in advance of trial. *See Marek v. Chesny*, 473 U.S. 1, 5 (1985) ("The plain purpose of [Federal] Rule 68 is to encourage settlement and avoid litigation."); *Roska v. Sneddon*, 366 Fed.Appx. 930, 939 (10th Cir. 2010) ("We must keep in mind the ultimate purpose of Rule 68—to promote the swift and effective resolution of a lawsuit."). *See also Pope v. Gap, Inc.*, 125 N.M. 376, 379, 961 P.2d

1283, 1285 (N.M. Ct. App. 1998) (holding that a prior version of Rule 1-068 is identical to its counterpart in the Federal Rules of Civil Procedure and that the court may therefore look to federal law for guidance).

In the event that a Rule 1-068 offer of settlement made by a claimant is rejected and the claimant goes on to obtain a judgment more favorable than that offer, Rule 1-068 provides that the claimant may recover double its costs incurred after making the offer.  *See* Rule 1-068 NMRA 2012.  By its terms, Rule 1-068 therefore encourages claimants to make offers representing the very least they would accept to settle the case, realizing that the defending party has greater incentive to accept the offer if it is possible or even likely that the claimant would recover a higher amount if the jury were to find for the claimant at trial.

Although the record does not include hard numbers relative to Plaintiff's medical damages, I note from the parties' settlement negotiations that, according to Plaintiff's attorney, $62,500 represents a figure less than twice Plaintiff's medical expenses.  *See Doc. 10-1* at 14.  A representative of Defendant Safeco indicates that it believes Plaintiff's medical expenses are $33,328.00.  *See Doc. 10-1* at 7.  Given the other evidence in the record, including the availability of punitive (or treble) damages and attorney fees, and the fact that Plaintiff has refused to stipulate that she is not seeking damages in excess of $75,000,[1] I find that the amount in controversy, or the "estimate of the amount that will be put at issue in the course of the litigation," is at least $75,000 in this case.

---

[1] The Court notes Plaintiff's proposed Stipulation Regarding Amount in Controversy and Remand, which was submitted to Defendants as an alternative to their proposed stipulation.  However, Plaintiff's proposed Stipulation agrees only that "*at this time* the amount in controversy in this matter is less than $75,000."  *See Doc. 16-1* at 11 (emphasis added).  As an insurance bad faith claim, by its nature, contemplates that damages will increase during the pendency of the parties' dispute, I cannot find Plaintiff's proposed Stipulation sufficient to confine the amount in controversy to a figure below $75,000 for purposes of this jurisdictional analysis.

**B.      Defendants' July 9, 2012 Notice of Removal Was Timely.**

Plaintiff contends that Defendants' arguments concerning the amount in controversy could have—and should have—been made at the outset of this litigation, within 30 days of Defendants' receipt of the Complaint. *See Doc. 13* at 8. *See also* 28 U.S.C. § 1446(b) (requiring notice of removal to be filed within 30 days of the initial pleading, or, where the initial pleading does not appear removable, within 30 days after receipt of a paper from which it may first be ascertained that the case has become removable). In Plaintiff's view, the availability of punitive damages and attorney fees has not changed since the outset of litigation. *See Doc. 13* at 8.

While this may be true, Plaintiff's argument discounts her own assertion in the Complaint that "[t]he federal courts do not have jurisdiction over this matter under 28 U.S.C.S. § 1332(a) (2011) because the amount in controversy is less than $75,000." *See Doc. 3* at 4, ¶ 10. Given this assertion and the parties' prior settlement negotiations, in which the parties agreed to settle the matter for $45,100 and simply got hung up on the language of the release, I find that Defendants were entitled to rely on Plaintiff's decision to disclaim damages in excess of $75,000. Had Plaintiff never disclaimed federal jurisdiction and never affirmatively disclaimed damages of $75,000 or more, Plaintiff's argument would hold more weight.

As the case stands, however, the preponderance of the evidence shows that Defendants could not reasonably have ascertained that the case had become removable until they received Plaintiff's Rule 1-068 Offer of Settlement on or about June 19, 2012. The underlying accident that gave rise to Plaintiff's claims occurred April 27, 2009; thus, the statute of limitations would have expired April 27, 2012. *See* NMSA 1978, § 37-1-8 (providing for three-year statute of limitations for personal injury claims). I find it was reasonable for Defendants to view Plaintiff's

Complaint as a means of preserving her claims while allowing for continued settlement negotiations.  When Plaintiff filed a Rule 1-068 Offer of Settlement, requesting an almost 50% increase in settlement dollars, Defendants realistically had no choice but to adjust their thinking in terms of the amount in controversy.  Defendants' July 9, 2012 Notice of Removal was timely.

## IV.     Conclusion

Recent authority from the Tenth Circuit, together with the removal statute, as amended in 2011, demonstrate that despite Plaintiff's pled statement that "the amount in controversy is less than $75,000," *Doc. 3* at 4, ¶ 10, Defendants should have the opportunity to show by a preponderance of the evidence that the requirements of federal diversity jurisdiction are met. Upon examination of the jurisdictional facts, I find that it more likely than not that at least $75,000 will be put at issue in this litigation.  Moreover, primarily because Plaintiff initially pled that she sought damages less than $75,000, Defendants' Notice of Removal *(Doc. 1)* was timely.

**Wherefore,**

**IT IS ORDERED** that Plaintiff's Motion to Remand *(Doc. 13)*, filed July 23, 2012 and fully briefed on August 20, 2012 *(Doc. 20)* is DENIED.

UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding By Consent

11